IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES GRAY                                                                                              PLAINTIFF

v.                                             5:08CV00110WRW/HLJ

W.C. "DUB" BRASSELL
DETENTION CENTER, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on defendants' motion for summary judgment, filed December 22, 2008 (DE #28). By Order dated January 12, 2009 (DE #34), this Court directed plaintiff to respond to the motion within ten days of the date of the Order. The Court also advised plaintiff that failure to respond could result in the dismissal without prejudice of his complaint, pursuant to Local Rule 5.5(c)(2). As of this date, plaintiff has not filed a response. This case is set for a Court trial on February 4, 2009.

Plaintiff is an inmate incarcerated at the W.C. "Dub" Brassell Detention Center (Jail). He filed this action pursuant to 42 U.S.C. § 1983, alleging a denial of medical care and treatment following a fall at the Jail on April 11, 2008. Specifically, plaintiff alleges he slipped and fell and hurt his knee about 5:30 p.m., but when he notified defendants Brooks and Dolphin of his injury, they were indifferent to his needs. Plaintiff alleges when they initially responded to his request for help they called the nurse, but when they were told she was not on duty, they failed to help him any

further, and left the Jail soon thereafter when their shift was over. Plaintiff alleges when defendants Baker and Baugham came on duty, they also failed to provide him with assistance, stating the incident did not occur while they were on duty. Plaintiff asks for monetary relief from the defendants.

## II. Summary Judgment Motion

A. Defendant's Motion

In support of the motion, defendants state plaintiff's complaint fails to support a constitutional claim, because he fails to provide evidence to support a finding of deliberate indifference, or of a serious medical need or injury. Although plaintiff alleges defendants failed to obtain timely medical care for them, defendants present a copy of a Nursing Staff Assessment dated April 11, 2008, the same day of his injury, in which treatment of plaintiff is noted. (DE #30, Ex. C). According to this document, plaintiff's knee was assessed, he was able to ambulate his leg and wiggle his toes, and he was provided with ibuprofen for pain and swelling. The nurse also noted plaintiff was able to ambulate back to his cell without assistance. Plaintiff was again seen the next day, at which time he did not report pain.

Defendants state such evidence shows that plaintiff did in fact receive care for his injury, and that no evidence exists to support his allegation that defendants' failure to act was deliberately indifferent or that it resulted in further injury to him.

Defendants also state that plaintiff's claim that he failed to receive copies of the grievances he filed fails to support a claim for relief, because inmates do not have a constitutional right to a grievance procedure, citing Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002).

B. Plaintiff's Response

Plaintiff did not respond to the motion.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must allege that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d

500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).   In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, a medical indifference claim must be brought against the individual or individuals directly responsible for the inmate's medical care, Keeper, supra at 1314.

In this particular case, plaintiff alleges defendants did not act to provide him with assistance for his knee injury.  However, he provides no evidence that defendants' actions were deliberately indifferent, that his injury or medical need was serious, or that any delay in medical treatment detrimentally affected his knee.  In fact, plaintiff has not filed a response to rebut defendants' proof that he was in fact treated for his knee injury on the same day he fell, and also on the following day.  Defendants also provide proof plaintiff was examined by a physician on April 15, 2008, and that he was seen again by a nurse on May 22, 2008, at which time he complained about a brace which he was wearing on his knee.  DE #30, Ex. E, F.  Finally, defendants note plaintiff has not complained about his knee since that time.

In Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999), the Court held that complaints of breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy were relatively minor, and were "not the sort of objectively serious injury or medical need that amounts

to a denial of the minimal civilized measure of life's necessities," citing Farmer v. Brennan, supra. Furthermore, in Givens v. Jones, 900 F.2d 1229, 1234 (8th Cir. 1990), the Court held that noise and fumes caused by prison remodeling did not constitute a constitutional violation "even though the conditions may involve the infliction of discomfort and pain."

Given the evidence presented by the defendants that plaintiff was examined on several occasions for his knee injury, and given plaintiff's failure to set forth specific facts/evidence to show a material dispute of fact, the Court finds defendants' motion should be granted. Plaintiff has failed to support his 8th Amendment claims against the defendants.

The Court also finds plaintiff's allegations concerning the Jail grievance procedure fail to state a Constitutional claim for relief. See Lomholt v. Holder, supra. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #28) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 28th day of January, 2009.

_____
Henry L. Jones, Jr.
United States Magistrate Judge